```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

```
DAUD ABDULLA HOLIDAY,        :
INC., TRUST,                 :
                             :
        Plaintiff            :   CIVIL NO. 1:16-CV-00001
                             :
    vs.                      :
                             :
UNITED STATES, INC.,         :   (Judge Rambo)
                             :
        Defendant            :
```

## MEMORANDUM

### Background

On January 4, 2016, Daud Abdulla Holiday, an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania filed a document entitled "Emergency Writ of Mandamus for Unconditional Release for Contempt." (Doc. 1.) The document, which is handwritten and single-spaced, is vague, rambling and mostly incoherent. (Id.) The court can discern that Holiday is serving a sentence of 140 months imposed on January 4, 2013, by the Superior Court of the District of Columbia and he apparently is challenging that sentence and requests immediate release. On January 19, 2016, Holiday filed a motion for leave to proceed in forma pauperis and the authorization to have funds

deducted from his prison account to pay the filing fee in installments. (Docs. 4, 5.)  For the following reasons, Holiday's motion to proceed <u>in forma pauperis</u> will be granted only for the purpose of filing the action and the complaint for writ of mandamus will be dismissed.

**<u>Discussion</u>**

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). It is thus well-settled that a court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. <u>See</u> <u>United States v. Christian</u>, 660 F.2d 892, 894 (3d Cir.1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").  In the present action, the court discerns no independent basis for exercising mandamus jurisdiction.

Holiday does not allege any action or omission by a federal officer, employee, or agency that a United

States District Court might have mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") Instead, Holiday asks this Court to exercise its mandamus jurisdiction to release him from prison but he does not allege that his present custodian is not acting in accordance with a judgment of conviction and sentence imposed by the Superior Court of the District of Columbia. Holiday's present custodian has no mandatory duty to release him.

     Furthermore, the United States Supreme Court has recognized that mandamus relief is an extreme remedy and should only be invoked in exceptional circumstances. Kerr v. United States Dist. Court for the N. Dist. of Ca., 426 U.S. 394, 403 (1976). In Kerr, the court noted that in order to receive mandamus relief, the party seeking it must "have no other adequate means to attain the relief he desires. . . ." Id.; see also Allied

Corp. V. Daiflon, Inc., 449 U.S. 33, 34 (1980); In re Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006). The party requesting the writ of mandamus must prove (1) an absence of any other remedy to obtain the relief sought, (2) a "clear and indisputable" right to the issuance of the writ and (3) the issuing court, in the exercise of its discretion, must be satisfied that the circumstances justify such drastic action.  Id.

The relief Holiday seeks is release from prison. It is well-established that a collateral challenge to a District of Columbia offender's conviction or sentence is to be brought pursuant to D.C. Code. § 23-110 and filed in the Superior Court of the District of Columbia. Swain v. Pressley, 430 U.S. 372, 375 (1977). Specifically, § 23-110(a) provides the following remedy:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to

vacate, set aside, or correct the sentence. Thus, prisoners serving sentences imposed by the Superior Court must file motions challenging their sentence in that court; federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the District of Columbia Superior Court. <u>Swain</u>, 430 U.S. at 377-78. It is clear that there is an available mechanism for Holiday to obtain the relief he seeks. He can challenge his present confinement by way of motion to vacate his conviction and sentence pursuant to D.C. Code § 23-110 filed in the Superior Court of the District of Columbia.

The document filed by Holiday, furthermore, fails to set forth a clear and indisputable right to the issuance of the writ and the court discerns no circumstances justifying the issuance of writ of mandamus. <u>Cf.</u> <u>In re D'Amario</u>, 469 F. App'x 84, 85 (3d Cir. June 14, 2012)(inmate not entitled to writ of mandamus directing his immediate release); <u>In re Polanco</u>, 411 F. App'x 483, 484-485 (3d Cir. Feb 14, 2011)(same). Accordingly, because this Court lacks

jurisdiction to grant the relief that Holiday requests, and because the complaint fails to set forth facts from which the court could find the prerequisites for issuing a writ of mandamus,[1] Holiday's complaint in mandamus

---

1. The Prison Litigation Reform Act of 1995 imposed new obligations on prisoners relating to paying the civil complaint filing fee. The filing fee provision of the PLRA does not apply to properly styled mandamus actions. In re Womack, 450 F. App'x 159, 160 n.1 (3d. Cir. Nov. 3, 2011). However, the court still has the authority to screen a mandamus complaint for frivolity and for failure to state a claim. Even prior to the Prison Litigation Reform Act of 1995, the court when considering a complaint accompanied by a motion to proceed in forma pauperis, had the authority to rule that process should not be issued if the complaint was malicious, presented an indisputably meritless legal theory, or was predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

will be dismissed.

An appropriate order will be entered.

                                              <u>s/Sylvia H. Rambo</u>
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: September 14, 2016